Paul J. Hayes (*pro hac vice to be filed*)
Email: phayes@hayesmessina.com
Kevin Gannon (*pro hac vice to be filed*)
Email: kgannon@hayesmessina.com
James J. Foster
Email: jfoster@hayesmessina.com
**HAYES MESSINA GILMAN & HAYES, LLC**
200 State Street, 6th Floor
Boston, MA 02109
Telephone: (617) 345-6900
Facsimile: (617) 443-1999

Christopher D. Banys
Email:  cdb@banyspc.com
Richard C Lin
Email:  rcl@banyspc.com
Jennifer L. Gilbert
Email:  jlg@banyspc.com
**BANYS, P.C.**
1032 Elwell Court, Suite 100
Palo Alto, CA 04303
Telephone: (650) 308-8505
Facsimile: (650) 353-2202

*Attorneys for the Plaintiff, ADAPTIX, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ADAPTIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HTC CORPORATION, HTC AMERICA, INC., AT&T MOBILITY LLC, AND JOHN DOE NOS. 1-10,<br><br>Defendants. | Case No.  5:15-cv-00366<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL REQUESTED** |

This is an action for patent infringement in which Plaintiff, ADAPTIX, Inc. ("ADAPTIX"), complains against Defendants HTC Corporation, HTC America, Inc. (together "HTC"), AT&T Mobility LLC ("AT&T"), and John Doe Nos. 1-10 (collectively "the Defendants"), as follows:

## THE PARTIES

1.      ADAPTIX is a Delaware corporation with its principal place of business at 2400 Dallas

06084082

- 1 -

Parkway, Suite 200, Plano, Texas 75093.

2.     HTC Corporation is a Taiwanese corporation with its principal place of business at 23 Xinghau Road, Taoyuan City, Taoyuan 330, Taiwan, R.O.C. and does business in this judicial district by, among other things, committing the infringing acts giving rise to this Complaint.

3.     HTC America, Inc. is a Washington corporation with its principal place of business at 13290 SE Eastgate Way, Suite 400, Bellevue, Washington 98005 and does business in this judicial district by, among other things, committing the infringing acts giving rise to this Complaint.

4.     AT&T is a Delaware corporation with its principal place of business at 1025 Lenox Park Blvd. NE, Atlanta, Georgia 30319 and does business in this judicial district by, among other things, committing the infringing acts giving rise to this Complaint.

5.     Defendants John Doe Nos. 1-10 are customers of HTC and AT&T who have purchased or have been provided and have used the HTC Desire 610, HTC Desire Eye, HTC First, HTC One (M7), HTC One (M8), HTC One mini, HTC One VX, and HTC Vivid, and whose identities are not currently known to ADAPTIX.

## JURISDICTION AND VENUE

6.     This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. §§ 101, et seq.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the California Long Arm Statute.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b-c) and 1400(b) because, among other things, Defendants have committed acts of patent infringement within this judicial district, giving rise to this action, HTC and AT&T continue to conduct business in this district, and John Doe Nos. 1-10 reside in this district.

## COUNT I

## (INFRINGEMENT OF U.S. PATENT NO. 7,454,212)

9.     ADAPTIX incorporates by reference paragraphs 1 through 8 herein.

10.     This cause of action arises under the patent laws of United States of America and, in

particular, 35 U.S.C. §§ 271, *et seq.*

11.    ADAPTIX is the owner by assignment of United States patent number 7,454,212, entitled "OFDMA With Adaptive Subcarrier-Cluster Configuration And Selective Loading" ("the '212 Patent"), with ownership of all substantial rights in the '212 Patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '212 Patent is attached as Exhibit A.

**Direct Infringement**

12.    AT&T has infringed, and continues to infringe, at least claim 18 of the '212 patent in this judicial district and elsewhere in the United States by, among other things, making and using its 4G LTE Wireless Network ("AT&T's LTE network").

13.    AT&T supplies cellular communication devices, including without limitation the HTC Desire 610, HTC Desire Eye, HTC First, HTC One (M7), HTC One (M8), HTC One mini, HTC One VX, and HTC Vivid, which together with the base stations that AT&T operates create AT&T's LTE Network.  AT&T's LTE Network infringes at least claim 18 of the '212 patent.  AT&T is thereby liable for infringement of the '212 Patent, pursuant to 35 U.S.C. § 271(a).

14.    John Doe Nos. 1-10 have infringed, and continue to infringe, at least claim 1 of the '212 patent in this judicial district and elsewhere in the United States by, among other things, using cellular communication devices, including without limitation the HTC Desire 610, HTC Desire Eye, HTC First, HTC One (M7), HTC One (M8), HTC One mini, HTC One VX, and HTC Vivid, on AT&T's 4G LTE Wireless Network.

15.    AT&T's and John Doe Nos. 1-10's infringement has caused damage to ADAPTIX, which infringement by AT&T and John Doe Nos. 1-10 and damage to ADAPTIX will continue unless and until AT&T and John Doe Nos. 1-10 are enjoined.

**Indirect Infringement**

16.    HTC has induced infringement of and continues to induce infringement of at least Claims 1 and 18 of the '212 Patent in this judicial district and elsewhere in the United States by, among other things, providing, offering for sale, selling, and/or importing cellular communication devices, including without limitation the HTC Desire 610, HTC Desire Eye, HTC First, HTC One

(M7), HTC One (M8), HTC One mini, HTC One VX, and HTC Vivid, for use on AT&T's LTE network.  HTC knowingly encourages and intends for its customers to use those devices in a manner that infringes the '212 patent.  HTC's customers who operate such devices in accordance with HTC's instructions, as well as AT&T, directly infringe one or more claims of the '212 Patent in violation of 35 U.S.C § 271.  HTC's inducement of such infringement creates liability under 35 U.S.C. § 271(b).

17.     AT&T has induced infringement of and continues to induce infringement of at least Claims 1 and 18 of the '212 Patent in this judicial district and elsewhere in the United States by, among other things, providing, offering for sale, selling, and/or importing cellular communication devices, including without limitation the HTC Desire 610, HTC Desire Eye, HTC First, HTC One (M7), HTC One (M8), HTC One mini, HTC One VX, and HTC Vivid, for use on AT&T's LTE network, and using its LTE network to operate those devices.  AT&T knowingly encourages and intends for its customers to use those devices in a manner that infringes the '212 patent.  AT&T's customers who operate such devices in accordance with AT&T's instructions directly infringe one or more claims of the '212 Patent in violation of 35 U.S.C § 271.  AT&T's inducement of such infringement creates liability under 35 U.S.C. § 271(b).

18.     HTC has contributed, and continues to contribute, to the direct infringement of at least claim 18 by others, such as AT&T and end users of its cellular communication devices, including without the HTC Desire 610, HTC Desire Eye, HTC First, HTC One (M7), HTC One (M8), HTC One mini, HTC One VX, and HTC Vivid, to be used on AT&T's LTE network, by offering to sell, selling within, and/or importing into the United States a component of a patented system or an apparatus for use in practicing a patented process, that constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '212 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.  HTC's conduct creates liability under 35 U.S.C. § 271(c).

19.     AT&T has contributed, and continues to contribute, to the direct infringement of at least claims 1 and 18 by others, such as end users of its LTE network and of cellular communication devices, including without limitation the HTC Desire 610, HTC Desire Eye, HTC First, HTC One (M7), HTC One (M8), HTC One mini, HTC One VX, and HTC Vivid, to be used on its LTE network,

by making, offering to sell, selling within, and/or importing into the United States a component of a patented system or an apparatus for use in practicing a patented process, that constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '212 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.  AT&T's conduct creates liability under 35 U.S.C. § 271(c).

20.    HTC and AT&T have been on notice of the '212 Patent since March 16, 2012, at the latest, when they were served with the Complaint in the 13-cv-1778 litigation.  HTC and AT&T will thus have known and intended (since receiving such notice) that their continued actions would induce or contribute to direct infringement of at least Claims 1 and 18 of the '212 Patent.

21.    ADAPTIX has been reparably and irreparably damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are thus liable to ADAPTIX for an amount that adequately compensates ADAPTIX for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.  Additionally, such irreparable damage will continue until Defendants are enjoined pursuant to 35 U.S.C. § 283.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 6,947,748)

22.    ADAPTIX incorporates by reference paragraphs 1 through 8 herein.

23.    This cause of action arises under the patent laws of United States of America and, in particular, 35 U.S.C. §§ 271, *et seq*.

24.    ADAPTIX is the owner by assignment of United States patent number 6,947,748, entitled "OFDMA With Adaptive Subcarrier-Cluster Configuration And Selective Loading" ("the '748 Patent") with ownership of all substantial rights in the '748 Patent, including the right to exclude others and to sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '748 Patent is attached as Exhibit A.

### Direct Infringement

25.    AT&T has infringed, and continues to infringe, at least claim 21 of the '748 patent in this judicial district and elsewhere in the United States by, among other things, making and using its

5

4G LTE Wireless Network ("AT&T's LTE network").

26.     AT&T supplies cellular communication devices, including without limitation the HTC Desire 610, HTC Desire Eye, HTC First, HTC One (M7), HTC One (M8), HTC One mini, HTC One VX, and HTC Vivid, which together with the base stations that AT&T operate create AT&T's LTE Network.  AT&T's LTE Network infringes at least claim 21 of the '748 patent.  AT&T is thereby liable for infringement of the '748 Patent, pursuant to 35 U.S.C. § 271(a).

27.     John Doe Nos. 1-10 have infringed, and continue to infringe, at least claim 21 of the '748 patent in this judicial district and elsewhere in the United States by, among other things, using cellular communication devices, including without limitation the HTC Desire 610, HTC Desire Eye, HTC First, HTC One (M7), HTC One (M8), HTC One mini, HTC One VX, and HTC Vivid, on AT&T's 4G LTE Wireless Network.

28.     AT&T's and John Doe Nos. 1-10's infringement has caused damage to ADAPTIX, which infringement by AT&T and John Doe Nos. 1-10's and damage to ADAPTIX will continue unless and until AT&T and John Doe Nos. 1-10 are enjoined.

**Indirect Infringement**

29.     HTC has induced infringement of and continues to induce infringement of at least Claim 21 of the '748 Patent in this judicial district and elsewhere in the United States by, among other things, providing, offering for sale, selling, and/or importing cellular communication devices, including without limitation the HTC Desire 610, HTC Desire Eye, HTC First, HTC One (M7), HTC One (M8), HTC One mini, HTC One VX, and HTC Vivid, for use on AT&T's LTE network.  HTC knowingly encourages and intends for its customers to use those devices in a manner that infringes the '748 patent.  HTC's customers who operate such devices in accordance with HTC's instructions, as well as AT&T, directly infringe one or more claims of the '748 Patent in violation of 35 U.S.C § 271.  HTC's inducement of such infringement creates liability under 35 U.S.C. § 271(b).

30.     AT&T has induced infringement of and continues to induce infringement of at least Claim 21 of the '748 Patent in this judicial district and elsewhere in the United States by, among other things providing, offering for sale, selling, and/or importing cellular communication devices, including without limitation the HTC Desire 610, HTC Desire Eye, HTC First, HTC One (M7), HTC

6

One (M8), HTC One mini, HTC One VX, and HTC Vivid, for use on AT&T's LTE network, and using its LTE network to operate those devices. AT&T knowingly encourages and intends for its customers to use those devices in a manner that infringes the '748 patent. AT&T's customers who operate such devices in accordance with AT&T's instructions directly infringe one or more claims of the '748 Patent in violation of 35 U.S.C § 271. AT&T's inducement of such infringement creates liability under 35 U.S.C. § 271(b).

31. HTC has contributed, and continues to contribute, to the direct infringement of at least claim 21 by others, such as AT&T and end users of its cellular communication devices, including without limitation the HTC Desire 610, HTC Desire Eye, HTC First, HTC One (M7), HTC One (M8), HTC One mini, HTC One VX, and HTC Vivid, to be used on AT&T's LTE network, by offering to sell, selling within, and/or importing into the United States a component of a patented system or an apparatus for use in practicing a patented process, that constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '748 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use. HTC's conduct creates liability under 35 U.S.C. § 271(c).

32. AT&T has contributed, and continues to contribute, to the direct infringement of at least claim 21 by others, such as end users of its LTE network and of cellular communication devices, including without limitation the HTC Desire 610, HTC Desire Eye, HTC First, HTC One (M7), HTC One (M8), HTC One mini, HTC One VX, and HTC Vivid, to be used on its LTE network, by making, offering to sell, selling within, and/or importing into the United States a component of a patented system or an apparatus for use in practicing a patented process, that constitutes a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '748 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use. AT&T's conduct creates liability under 35 U.S.C. § 271(c).

33. HTC and AT&T have been on notice of the '748 Patent since March 16, 2012, at the latest, when they were served with the Complaint in the 13-cv-1778 litigation. HTC and AT&T will thus have known and intended (since receiving such notice) that their continued actions would induce or contribute to direct infringement of at least Claim 21 of the '748 Patent.

34.     ADAPTIX has been reparably and irreparably damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are thus liable to ADAPTIX for an amount that adequately compensates ADAPTIX for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.  Additionally, such irreparable damage will continue until Defendants are enjoined pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

For the above reasons, ADAPTIX respectfully requests that this Court enter judgment:

A.     That each Defendant has infringed the '212 and '748 patents;

B.     Enjoining each Defendant, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or privity with it from infringement of the '212 and '748 patents, under 35 U.S.C. § 283;

C.     That each Defendant pay ADAPTIX damages with interest and costs, under 35 U.S.C. § 284;

D.     Declaring this case exceptional under 35 U.S.C. § 285 and awarding attorneys' fees; and

E.     Granting any further relief that the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

ADAPTIX hereby requests a trial by jury on all issues so triable by right pursuant to Fed. R. Civ. P. 38.

Dated: January 26, 2015                    Respectfully submitted,

By: /s/ *James J. Foster*
Paul J. Hayes
James J. Foster
Kevin Gannon
**HAYES MESSINA GILMAN & HAYES LLC**
200 State Street, 6th Floor
Boston, MA 02109
Telephone: (617) 345-6900
Facsimile: (617) 443-1999
Email: phayes@hayesmessina.com
Email: kgannon@hayesmessina.com

8

Email: jfoster@hayesmessina.com

Christopher D. Banys
Richard C Lin
Jennifer L. Gilbert
**BANYS, P.C.**
1032 Elwell Court, Suite 100
Palo Alto, CA 04303
Telephone: (650) 308-8505
Facsimile: (650) 353-2202
Email: cdb@banyspc.com
Email: rcl@banyspc.com
Email: jlg@banyspc.com

**ATTORNEYS FOR PLAINTIFF
ADAPTIX, INC.**